IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CAROLYN LEE HERNANDEZ,**  6:16-cv-00142-BR

       Plaintiff,  OPINION AND ORDER

v.

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social
Security Administration,**

       Defendant.


**KATHERINE L. EITENMILLER**
**MARK A. MANNING**
Harder, Wells, Baron & Manning
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

   [1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2950

      Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Carolyn Lee Hernandez seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her application for DIB benefits on December 3, 2012.  Tr. 18.[2]  Plaintiff alleged a disability onset date of October 15, 2010.  Tr. 18.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on June 11, 2014.

---

[2] Citations to the official transcript of record filed by the Commissioner on June 3, 2016, are referred to as "Tr."

Tr. 31-56. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On July 21, 2014, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 18-26. On July 30, 2014, Plaintiff requested review by the Appeals Council. Tr. 12, 14. On December 1, 2015, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On January 26, 2016, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## **BACKGROUND**

Plaintiff was born on July 10, 1953. Tr. 58. Plaintiff was 60 years old at the time of the hearing. Tr. 36. Plaintiff has earned a GED. Tr. 52. The ALJ found Plaintiff has worked as an accounting clerk and office assistant. Tr. 52-53.

Plaintiff alleges disability due to obesity, degenerative disc disease, and neuropathy in her feet due to chemotherapy. Tr. 23, 148.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

medical evidence. See Tr. 20-25.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence]

but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

5 - OPINION AND ORDER

impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

6 - OPINION AND ORDER

work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).


## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since October 15, 2010, the alleged date of onset.  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity and cervical degenerative disc disease with a history of discectomy and fusion.  Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of

the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 22. The ALJ found Plaintiff has the RFC to lift/carry 20 pounds occasionally and 10 pounds frequently; to stand about fours hours in an eight-hour workday; to walk between two and four hours in an eight-hour workday; to sit about six hours in an eight-hour workday; and occasionally to climb, kneel, crouch, stoop, squat, crawl, twist, or turn. Tr. 22.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work. Tr. 34.

Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly discredited Plaintiff's symptom testimony, (2) improperly evaluated the medical evidence, and (3) found Plaintiff could perform her past relevant work at Step Four.

**I. The ALJ did not err when he found Plaintiff's testimony was not credible.**

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons for discrediting Plaintiff's testimony.

**A. Standards**

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom

testimony: The claimant must produce objective medical evidence of an impairment or impairments and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or her severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

**B. Analysis**

Plaintiff testified at the hearing on June 11, 2014, that she retired in October 2010 from her prior employment in California due to stress. Tr. 37. Plaintiff noted her employer was "short staffed," she was supervising a staff of 14, and she was "constantly running back and forth, and my back was killing me." Tr. 37. Plaintiff moved to Oregon in November 2010 to

spend time with her parents. Tr. 41. Plaintiff testified her ability to perform activities "changed" after her morphine pump was "turned off" in November 2013. Tr. 38-39. Plaintiff testified she could stand for about 30 minutes, perform household chores for ten minutes at a time, shop for about 30 minutes before needing to sit down, and sit for no more than an hour at a time.
Tr. 38, 41, 42, 44.

The ALJ concluded Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely credible." Tr. 23. The ALJ cited several reasons, including examples from Plaintiff's medical records, for his determination that the medical evidence did not support Plaintiff's statements. Tr. 23-25. For example, although Plaintiff alleged significant hip and back pain, her medical records indicate she had a consistent work history since her cervical fusion in 1991 and continued to work until her retirement in October 2010. Tr. 23. After Plaintiff moved to Oregon she continued to travel from Coos Bay, Oregon, to Fresno, California, approximately every other month for follow-up and maintenance of her morphine pump. Tr. 271-75, 343-424, 452-71. Moreover, the ALJ noted Plaintiff's ability to travel for

10 - OPINION AND ORDER

treatment without any indication of difficulty suggested Plaintiff's alleged symptoms and limitations were overstated and inconsistent with Plaintiff's allegations of disabling pain. Tr. 24.

The ALJ noted even though Plaintiff testified she had stopped working due to significant pain and limitations, her treatment records after that time indicated she was "enjoying retirement." Tr. 274, 385, 397, 402, 407, 413, 418, 423. The ALJ also noted Plaintiff suggested in her testimony that she stopped working for reasons other than her alleged impairments. Tr. 24.

On this record the Court concludes the ALJ did not err when he found Plaintiff's testimony was not entirely credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II. The ALJ did not err in his evaluation of the medical evidence.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discounting the opinion of Robert Salazar, M.D., Plaintiff's treating pain-management physician in Fresno, California.

   **A.   Standards**

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings

11 - OPINION AND ORDER

setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

**B. Analysis of the Medical Evidence**

**1. Dr. Salazar**

Plaintiff contends the ALJ did not provide a legally sufficient basis for discrediting Dr. Salazar's opinion.

In various reports Dr. Salazar noted Plaintiff experienced moderate to severe pain-related impairments when performing activities of daily living. Tr. 379-80, 367, 353-54, 347, 368. Plaintiff asserts Dr. Salazar's assessment is consistent with Plaintiff's reported limitations, which significantly worsened after her morphine pump was turned off, and with Plaintiff's reported daily activities, which most closely resemble a sedentary or sub-sedentary work setting.

The ALJ, however, gave "little weight" to Dr. Salazar's

opinion on the grounds that Dr. Salazar did not provide a "function by function assessment" of Plaintiff's actual abilities and limitations and his findings did not support a more restrictive RFC.  Tr. 25.

"The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Although in some chart notes Dr. Salazar gave a "pain-related impairment score" (Tr. 347-48, 354, 361, 367-68, 379-380, 391-92, 455-56, 462-63, 469-70), he did not give such a score in other chart notes because Plaintiff "did not fill out a total pain-related impairment questionnaire" during the visit. Tr. 203, 207, 211, 274, 279, 373, 385, 397, 402, 407, 413, 418, 423.  Dr. Salazar's reports also specifically indicate the pain-related impairment score "is not an impairment rating." Tr. 347, 354, 361, 367, 379, 391, 455, 462, 469.  The ALJ found Dr. Salazar's report as to Plaintiff's pain-related scores merely reflected Plaintiff's self-reported level of pain and did not include Dr. Salazar's opinion as to Plaintiff's limitations, if any.

The ALJ may reasonably discount a treating physician's opinion if it is based largely on the claimant's self-reporting.

13 - OPINION AND ORDER

*Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, as noted, the Court has determined the ALJ did not err when he found Plaintiff was not fully credible.

    **2.   Drs. Berner, Kehrli, and Nolan**

The ALJ gave "great weight" to the findings of Neal E. Berner, M.D., and Martin Kehrli, M.D., consultative physicians, and gave "significant weight" to the opinion of Raymond Nolan, M.D., Ph.D., an examining physician.  These physicians opined Plaintiff could perform less than the full range of light work. They also found Plaintiff could stand/walk for four hours and sit for six hours, but only occasionally squat and kneel.  Tr. 25-26. Dr. Nolan's assessment was based on his review of Plaintiff's records and also a personal interview and examination of Plaintiff.  The ALJ found the RFC assessed by these physicians was supported by the medical records and that Plaintiff could perform a light level of physical assertion with additional limitations as noted in the RFC assessment.

Accordingly, on this record the Court concludes the ALJ did not err when he gave little weight to Dr. Salazar's opinion and more weight to the opinions of the examining physicians because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err at Step Four.**

Plaintiff contends the ALJ erred when he found Plaintiff could perform her past relevant work at Step Four. Plaintiff also contends the ALJ's hypothetical to the VE did not include all of Plaintiff's limitations because the ALJ improperly discounted Dr. Salazar's opinion and Plaintiff's testimony.

At Step Four the ALJ found Plaintiff retains the RFC to perform work that she has done in the past, and, therefore, the ALJ concluded Plaintiff is not disabled. The ALJ posed a hypothetical to the VE based on Plaintiff's age, education, work experience, and his evaluation of Plaintiff's RFC. Tr. 53. The ALJ's hypothetical posed to the VE appropriately included only the credible limitations that were based on substantial medical evidence in the record. *See Osenbrock v. Apfel*, 240 F3.d 1157, 1165 (9th Cir. 2001). As noted, the Court has already found the ALJ properly discounted the opinion of Dr. Salazar, Plaintiff's treating physician, and properly found Plaintiff's testimony was not fully credible regarding her symptoms and limitations.

Based on the ALJ's hypothetical, the VE testified Plaintiff could perform her past relevant work. Tr. 53. The ALJ, therefore, found Plaintiff's past relevant work is not precluded

by her RFC and Plaintiff is not disabled.[3]  Tr. 25-6.

On this record the Court concludes the ALJ did not err at Step Four.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 21st day of April, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

---

[3] At the time of the hearing Plaintiff was 60 years old. Under Social Security Regulations a person's age is considered when determining the ability to adjust to other work.  See 20 C.F.R. § 404.1563.  Under the regulations Plaintiff was considered to be of advanced age (55 or older).  20 C.F.R. § 404.1563(e).  A person of advanced age with severe impairment(s) that limits them to sedentary or light work will be considered disabled if they cannot make an adjustment to other work unless they have skills that transfer to other work that can be done despite any impairments.  Here, however, the ALJ found Plaintiff could perform her past relevant work despite her impairments, and Plaintiff did not assert any error in the ALJ's finding based on her age.